# Appeal of John G. Bridaham *et al.*

1. Where a legatee, after making a will disposing of her legacy, assigned the legacy by an instrument, the validity of which is in dispute, and died, it is the duty of the auditor appointed to distribute the estate of the testa or, when the assignment is presented before him, to determine the question of its validity.

2. It is not necessary for the assignee to enforce his claim against the executor of the estate of the legatee.

3. And this is true, though the Supreme Court has previously affirmed the validity of the will of the legatee.

APPEAL of John G. Bridaham and Daniel Cessna, attaching creditor of the said John G. Bridaham, from the decree of the Orphans' Court of *Bedford County*, confirming the report of an auditor appointed to distribute the balance in the hands of the executors of John Bridaham, deceased.

John Bridaham died in June, 1865, leaving a last will and testament, which was dated May 3d, 1865, and proved June 24th, 1865. In it he appointed, as his executors, John W. Lingenfelter and his son, John G. Bridaham, and, after making a specific devise to his wife, Eve, he directed that $300 be paid by his executors to his daughter, Charlotte, and that the remainder of his estate be divided among his daughter, Charlotte, his daughter, Louisa, his son, John G., and the children of his deceased son, Henry, in four equal shares.

Charlotte Bridaham made a will, dated April 4th, 1877, in which she appointed Alexander King her executor, and after bequeathing $100 to her nephew, Willie Bridaham, gave, bequeathed, and devised the remainder of her estate to her sister, Louisa, the children of her brother, Henry, and the children of her brother, John G. Bridaham. She died May 24th, 1877, and letters testamentary were granted to her executor, King, May 31st, 1877.

Twenty-two days before her death, on the 2d of May, 1877, Charlotte Bridaham entered into an agreement with John G. Bridaham, which set forth that " in consideration that the said John G. Bridaham hath and doth undertake, covenant, agree, and bind himself, his heirs and assigns, to furnish and supply me, during the remainder of my lifetime,

with sufficient boarding, washing, nursing, care, attention, and every other thing necessary for my comfort through life, and bury my body after my death ; and that he shall also furnish and supply to my mother, Eve Bridaham, during her lifetime, all the care and attention that she may require, I do assign, transfer, give, convey, and set over, and by these presents have assigned, transferred, given, conveyed, and set over to the said John G. Bridaham, his heirs and assigns, all my goods, chattels, property, and effects I now have, or may hereafter acquire, and particularly all my legacy or legacies, share, or part of my father's estate, given and bequeathed by his last will and testament."

A dispute having arisen concerning the will of Charlotte Bridaham, a feigned issue of *devisavit vel non* was framed in the Court below, in which Alexander King, the executor, was plaintiff, and John G. Bridaham, defendant. It was pleaded in this issue:

1. That the will was procured through undue influences.

2. That it was revoked by the agreement of May 2d, 1877. The verdict was for the plaintiff, after which there was a writ of error to the Supreme Court. This Court decided as follows:

" This feigned issue was tried on an immaterial question. The execution and validity of the will were not denied on the issue *devisavit vel non*, but it was pleaded that the will was revoked by a subsequent sale of the goods and chattels, property and effects of Charlotte Bridaham, the testatrix, to John, her brother. The article of sale expressed no intention to revoke the will, and it is not clear that it passed all the property which would pass under the will. The validity of the agreement was a disputed fact, but it was between parties in a different right, and the executor could not contest it until he had established the will. The jurisdiction belongs to a different court. The issue upon the will concerned only the heirs or legal representatives, but that in the article of agreement a purchaser. The executor's title to administration depended on the will, and that was not disputed on the trial. The verdict in favor of the will should stand.

" Judgment is affirmed on the first issue on the validity of the will, and the finding on the other issue is quashed."

Upon the petition of Alexander King, executor of Charlotte Bridaham, setting forth that the testatrix was a legatee and heir-at-law of John Bridaham, deceased, that there were certain balances in the hands of the executors of the said estate, and praying the Court to appoint an auditor to distribute these balances among the four heirs and legatees

of John Bridaham, deceased, viz., Louisa Grubernator, John G. Bridaham, the heirs of Henry Bridaham, and Alexander King, executor of Charlotte Bridaham, according to their respective interests, the Court below appointed an auditor to make distribution.

Before the distribution, Daniel Cessna, holding a judgment against John G. Bridaham for $900, issued an attachment execution summoning the executors of the estate of John Bridaham, deceased, and the executor of the estate of Charlotte Bridaham, deceased, as garnishees.

Before the auditor, the claims of John G. Bridaham as assignee of his sister Charlotte, and of Daniel Cessna, his attaching creditor, were presented and were objected to. John G. Bridaham testified that he performed his contract with his sister until she and her mother died, but admitted that the bills for her coffin, funeral expenses, medical attendance, and a judgment were not paid.

The auditor found that under the feigned issue the will of Charlotte Bridaham was established to be a valid will; that Alexander King, being the executor of the same, was entitled to the share of the testatrix in her father's estate for the purpose of administration, and that all claims against the estate must be enforced against him, including the contract between John G. Bridaham and his sister, if the same was a valid contract. He awarded to Alexander King, executor, the sum of $1680. The auditor reported that he was influenced in his decision by the fact that the will has been declared to be a valid will by the proceedings in the feigned issue, whilst the contract is yet to be declared valid, and there are serious objections to it. It is objected to, and if it is made to appear to be a subsisting and just contract, the estate conveyed may be recovered from the executor.

John G. Bridaham and Daniel Cessna excepted, *inter alia*, to this finding and appropriation of the funds.

The Court below, HALL, P. J., overruled the exceptions and confirmed the report.

This ruling was assigned as error.

*John Cessna* and *J. B. Cessna* for the appellants.

The Court failed to distinguish the difference between a claim of a purchaser from decedent during life and a creditor next of kin and legatee of the decedent. The error of the Court and auditor lies in the ruling that the claim of the purchaser must be enforced through the executor. This was a contract for the sale of a chose in action for a valuable consideration. Delivery was effected by the execution of the paper: Pringle *v.* Pringle, 9 P. F. Smith, 281 ; Smyth

*v.* Craig, 3 W. & S., 14; Parker *v.* Donaldson, 2 W. & S., 9; Bond *v.* Bunting, 28 P. F. Smith, 210.

The agreement was an executed and not an executory contract: Bortz *v.* Bortz, 12 Wr., 382; Garver *v.* McNulty, 3 Wr., 483; Iron Company *v.* City of Erie, 5 Wr., 341; Gray *v.* Packer, 4 W. & S., 17; Perry *v.* Scott, 1 P. F. Smith, 119; Coal and Iron Company *v.* Scott, 9 Norris, 332.

An agreement may be executed as to one party, and executory as to the other: Neas's Appeal, 7 Casey, 294; Cook *v.* Trimble, 9 Watts, 15.

By the assignment the legacy passed from Charlotte, and the contract being executed no failure on the part of the assignee could reinvest it.

*John M. Reynolds* for the appellee.

The commission of the auditor gave him no authority to try or determine the validity of this paper. The contract is executory. The failure of the vendee to show performance operated as a dissolution of the contract, and put an end to all rights and obligations under it: Pott's Appeal, 5 Barr, 501; Arnold's Administrator *v.* Fitzgerald, 26 P. F. Smith, 385; 7 W. & S., 41.

Whether it is an executed or executory paper depends not on the words but upon the intention as gathered from the whole contract: Shirley *v.* Shirley, 9 P. F. Smith, 272; Ogden *v.* Brown, 9 Casey, 249; Williams *v.* Bentley, 3 Casey, 300.

Very slight circumstances showing any remaining contract in the vendor will be allowed to prevail: Winslow *v.* Leonard, 12 Harris, 14.

The opinion of the Court was delivered by MERCUR, J.

This contention arises between the executor of Charlotte Bridaham and one claiming as a purchaser from her during her life. This decree appears to have been made under a misapprehension of the power and duty of the auditor to decide on the validity of the alleged purchase  The judgment in the feigned issue of Bridaham *v.* King established the validity of Charlotte's will, but not the validity nor the invalidity of appellant's purchase. Her previous execution of a will did not prevent her from selling and transferring the property in question. If she owned the property at the time of her death, the proceeds were correctly decreed to her executor. If, however, she had sold and transferred the same during her life, then the proceeds thereof should be decreed to the purchaser or those claiming under him.

The appellant gave in evidence an instrument in writing.

under seal, on its face duly executed and acknowledged by Charlotte, whereby she sold and transferred the property to him. The validity of this instrument appears to have been questioned, and fraud, misrepresentation, and absence of sufficient consideration in its execution, and a failure of performance by the appellant alleged. Without examining and passing on the questions thus suggested, the auditor concluded that if the agreement was valid, yet, nevertheless, the fund should be decreed to the executor, and if the appellant had any claim which could be enforced, it should be made against the executor. In confirming the report, in so far as it rested on such assumption, the learned judge erred. The case must therefore be sent back, with instructions to hear the evidence, and to pass upon and decide the several questions affecting the validity of the written instrument, and to decree in accordance with this opinion.

Decree reversed, and a *procedendo* awarded.